RAPPAPORT v. WHITE'S EXPRESS CO.

(Supreme Court, Appellate Division, Second Department.   October 6, 1911.)

1. STIPULATIONS (§ 14*)—CONSTRUCTION—AMOUNT OF RECOVERY.

In an action against an express company for damages for loss of property, in which defendant claimed that the contract of shipment limited liability to $50, and the complaint alleged three causes of action for separate consignments, to recover $55.68, $68.89, and $137.86, respectively, and the parties stipulated, "if judgment is rendered for plaintiff in action No. 1, that judgment shall go for plaintiff in action No. 2, and that, if judgment is rendered for plaintiff in action No. 1 for $50, in those cases where the shipment is in excess of $50 that judgment shall also go in the second action for $50, and in those cases for less than $50 judgment shall go for plaintiff for the full amount." Held, that the stipulation referred to the three causes of action alleged, so that he was entitled to recover $50 on each of the three causes of action, where the first cause of action was established.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.*]

2. CARRIERS (§ 156*)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY.

Where several receipts containing limitations of the carrier's liability were given for property consigned, each receipt constituted a special contract for the transportation of the property named therein, so that a limitation of liability in a receipt only applied to the property described therein.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 156.*]

3. CARRIERS (§ 158*)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—NEGLIGENCE.

Where express receipts stated that the express company should not be liable for any loss caused by the wrongful or negligent action of the company's agents in any amount exceeding $50, unless the true value was stated in writing and an additional amount paid under special agreement at the company's office, loss of goods by the negligence of the carrier's agents would not make the company liable for more than the stipulated amount, in the absence of an agreement contemplated by the receipt.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 708, 709; Dec. Dig. § 158.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Samuel Rappaport against White's Express Company. From a judgment for plaintiff for a less amount than claimed, he appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Samuel J. Rawak, for appellant.

Abraham B. Keve, for respondent.

RICH, J.   The plaintiff appeals from a judgment in his favor for $50 damages and costs, in an action brought against the defendant as a common carrier for the negligent loss of plaintiff's property committed to its care for transportation.   The complaint contains three causes of action—the first for the loss of property of the value of $55.68 consigned to Edward Vaas on February 3, 1909; the second for property of the value of $68.89 consigned to J. Mintz & Son on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

February 5 (the proof shows it was on January 29), 1909; and the third for property of the value of $137.86 consigned to R. Cardenson & Co. on March 9, 1909. The defendant denied each of the causes of action, and for a separate defense to each alleged that the property was received under a special contract in writing limiting its liability to $50.

[1] It was admitted that the property was received for transportation and that it was not delivered to the consignees. The plaintiff proved the contents of each package and that the value of each exceeded $50. At the close of plaintiff's testimony the following stipulation was made:

"Stipulated, between the attorneys for the respective parties, that if judgment is rendered for the plaintiff in action No. 1 that judgment shall go for plaintiff in action No. 2, and that if judgment is rendered for the plaintiff in action No. 1 for $50 in those cases where the shipment is in excess of $50 that judgment shall also go in the second action for $50; in those cases for less than $50 judgment shall go for the plaintiff for the full amount."

The defendant offered no proof, other than the receipts, which limited its liability to $50 in the case of each shipment. While the terms "action No. 1," "action No. 2," are used in the stipulation, there was but one action, in which three causes of action were alleged; and while defendant does not seem to have sufficient interest to present its views upon the question involved, it is clear, I think, that the stipulation referred to the three causes of action. A cause of action was made out on the first cause of action, and it follows that the plaintiff was entitled to $50 on each of the three causes of action. Upon the proof, if the plaintiff was entitled to recover upon one of the causes of action he was equally entitled to recover upon the other two; the proof being the same as to each.

[2] Each receipt constituted a special contract as to the transportation of the particular property named, and was a limitation as to liability for the property receipted for, and no other.

[3] Plaintiff contends that he is entitled to recover for the full value of the property, notwithstanding the special contracts, upon the ground that defendant's failure to explain the nondelivery of the packages was negligence which avoided the special contracts. The receipts contain the following:

"Nor shall they be liable for loss or damage to any goods, wares, merchandise, or packages caused by the wrongful, willful, negligent, or other acts of the agents or servants of White's Express Company, in an amount exceeding fifty ($50) dollars, unless the just and true value is stated in writing and an additional amount paid under special agreement made in writing at the office of the company."

It is not shown that there was any such statement or agreement, and I think the defendant's liability was limited under this provision, even as a common carrier, as against the negligence of its employés.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.